**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas J. Whitson, an unmarried man, | No. CV-23-00223-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Hallpier Corporation-Camel Motors, an Arizona corporation; et al. | |
| Defendant. | |

On January 10, 2022, Plaintiff Thomas J. Whitson filed a complaint in state court against multiple Defendants, including Hallpier Corporation-Camel Motors (Camel Motors) and Karim Hallal. (Doc. 1-1 at 1.) Whitson alleged four claims relating to a vehicle sale: breach of contract, consumer fraud, negligent misrepresentation, and unjust enrichment. (*Id.* at 1–5.) On January 18, 2023, the state court dismissed Whitson's claims against Hallal. (Doc. 8-1 at 6.) On February 14, 2023, the state court entered a judgment against Camel Motors. (*Id.* at 2–3.)

On March 21, 2023, the state court issued a writ of garnishment and summons to Wells Fargo for collection of the judgment. (*Id.* at 9–12.) The writ of garnishment states it "applies to all safe deposit boxes owned by any of the defendants." (*Id.* at 9.) Although Karim Hallal is named as defendant in the case caption on the first page of the writ, the writ identifies only Camel Motors as a judgment debtor and directs Wells Fargo to report whether it is in possession of any monies or properties of the judgment debtor. (*Id.* at 9–11.)

1      Based on Whitson's filing of the writ of garnishment, Hallal filed, on May 12, 2023,

2   a Notice of Removal under 28 U.S.C. §§ 1331, 1446(b)(3). (Doc. 1 at 1.) In his Notice of

3   Removal, Hallal alleges a counterclaim under the Fair Debt Collection Practices Act

4   (FDCPA) against Whitson and asserts the Court has subject matter jurisdiction pursuant to

5   15 U.S.C. § 1692(d)–(f) because "the matter [has] now [with the filing of the writ] become

6   a federal question." (Doc. 1 at 1, 3–4.) Hallal alleges the writ of garnishment resulted in

7   false publishing on credit reports and his wrongful termination of employment. (*Id.* at 2–

8   3.)

9      Whitson subsequently filed a Motion to Remand to State Court. (Doc. 8.) The

10  parties have also filed numerous additional motions, including: (1) Hallal's Application for

11  Leave to Proceed in Forma Pauperis (Doc. 2); (2) Hallal's Emergency Motion to Vacate

12  State Court Issued Writ of Garnishment (Doc. 3); (3) Hallal's Motion to Allow Electronic

13  Filing by a Party Appearing Without an Attorney (Doc. 4); (4) Hallal's Motion to Join

14  Necessary Party (Doc. 9); (5) Hallal's Motion to Strike (Doc. 12); (6) Hallal's Motion for

15  Entry of Default Final Judgment (Doc. 13); (7) Whitson's Amended Supplemental Motion

16  to Supplement Request for Oral Argument on Motion to Remand (Doc. 17); and (8)

17  Hallal's Motion For/To Sanction Counselor Robert Wolkin (Doc. 19).

18                              **DISCUSSION**

19      The Court will remand this case to state court because the Court lacks subject matter

20  jurisdiction: Hallal is not a defendant in the matter, and he does not allege a FDCPA claim;

21  he asserts a counterclaim. A state court defendant may remove to federal court any civil

22  action brought in the state court over which the federal district courts would have original

23  jurisdiction. 28 U.S.C. § 1441(a). "[T]he defendant always has the burden of establishing

24  that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any

25  time before final judgment it appears that the district court lacks subject matter jurisdiction,

26  the case shall be remanded." 28 U.S.C. § 1447(c).

27      Here, Hallal is not a defendant in this action. The state court dismissed him by court

28  order. (Doc. 8-1 at 6.) Further, even if Hallal was a defendant, a federal question

1   counterclaim cannot support removal under the well-pleaded complaint rule. The well-
2   pleaded complaint rule states that federal question jurisdiction applies only if a federal
3   question is presented on the *plaintiff's* properly pleaded complaint. *Caterpillar, Inc. v.*
4   *Williams*, 482 U.S. 386, 399 (1987). A *defendant* cannot inject a federal question into "an
5   action that asserts what is plainly a state-law claim." *Id.* The Ninth Circuit has reiterated
6   that removability cannot be created by a defendant pleading a counterclaim that presents a
7   federal question. *See Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th
8   Cir. 1985); *see also Fannie Mae v. Ortega*, No. CV 12-7223 UA (DUTYx), 2012 U.S. Dist.
9   LEXIS 127024, at *2 (C.D. Cal. Aug. 30, 2012*) (FDCPA counterclaims cannot be the basis
10  for federal question jurisdiction).

11        Hallal argues this matter has been "rife with abuse and violations of the FDCPA,"
12  the Arizona Supreme Court allows parties to assert wrongful garnishment as a
13  counterclaim, he was never served properly, and Whitson "obtained a default judgment
14  under false representations to the state judiciary." (Docs. 10-1 at 1–2; 12 at 1–2.) Even if
15  true, Whitson's state action involved breach-of-contract, consumer-fraud, negligent-
16  misrepresentation, and unjust-enrichment claims. (Doc. 1 at 1.) These are all plainly state-
17  law claims. All of Hallal's arguments relate to the state court proceedings and do not
18  present a federal question that establishes subject matter jurisdiction. *See Caterpillar, Inc.*,
19  482 U.S. at 399. Moreover, Hallal was no longer a party to the action.

20        The Court will grant Whitson's request for attorney's fees because Hallal lacked an
21  objectively reasonable basis for removal. "An order remanding the case may require
22  payment of just costs and any actual expenses, including attorney fees, incurred as a result
23  of the removal." 28 U.S.C. § 1447(c). The Ninth Circuit has held "[a]bsent unusual
24  circumstances, courts may award attorney's fees under 28 U.S.C. § 1447(c) only where the
25  removing party lacked an objectively reasonable basis for seeking removal." *Jordan v.*
26  *Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

27        Here, Hallal lacks an objectively reasonable basis for removal. He is not a defendant
28  in the matter and a federal counterclaim cannot be the basis for removal. Hallal should have

known he had no basis for removal. He should have investigated whether there was an objectively reasonable basis for removal, if not initially, at least after Whitson raised the challenge in his motion to dismiss. Hallal did not and he persisted in seeking removal. Whitson is entitled to an award of attorneys' fees and costs incurred as a result.

For the foregoing reasons, **IT IS ORDERED**:

1.      Plaintiff's Motion to Remand to State Court (Doc. 8) is **granted.** The Clerk of the Court is directed to remand this action to Pima County Superior Court and close its file in this action.

2.      Plaintiff's request for Attorneys' Fees and Costs is **granted**. (Doc. 8.) Defendant shall pay Plaintiff's reasonable attorneys' fees and costs. Plaintiff shall submit a fee request with appropriate documentation within **14 days** of the date of this Order.

3.      Defendant's Application for Leave to Proceed in Forma Pauperis (Doc. 2) is **denied as moot**.

4.      Defendant's Emergency Motion to Vacate State Court Issued Writ of Garnishment (Doc. 3) is **denied as moot**.

5.      Defendant's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 4) is **denied as moot**.

6.      Defendant's Motion to Join Necessary Party (Doc. 9) is **denied** as moot.

7.      Defendant's Motion to Strike Plaintiff's Motion to Remand to State Court and/or Motion to Strike Notice of Removal (Doc. 12) is **denied**.

8.      Defendant's Motion for Entry of Default Final Judgment (Doc. 13) is **denied**.

9.      Plaintiff's Amended Supplemental Motion to Supplement Request for Oral Argument on Motion to Remand (Doc. 17) is **denied as moot**.

10.     Defendant's Motion For/To Sanction Counselor Robert Wolkin (Doc. 19) is **denied as moot**.

Dated this 6th day of August, 2023.

Jennifer G. Zipps
United States District Judge