**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas J Whitson, | No. CV-23-00223-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Hallpier Corporation - Camel Motors, et al., | |
| Defendants. | |

On January 10, 2022, Plaintiff Thomas J. Whitson filed a complaint in state court against multiple Defendants, including Hallpier Corporation-Camel Motors and Karim Hallal. (Doc. 1-1 at 1.) On January 18, 2023, the state court dismissed Whitson's claims against Hallal. (Doc. 8-1 at 6.) On May 12, 2023, Hallal filed a Notice of Removal under 28 U.S.C. §§ 1331, 1446(b)(3). (Doc. 1 at 1.) Whitson filed a motion, requesting the Court remand the case to state court and award him attorneys' fees. (Doc. 8.) On August 7, 2023, the Court granted Whitson's motion, remanded the action to state court, and granted Whitson's request for attorneys' fees. (Doc. 20 at 4.) The Court concluded, under 28 U.S.C. § 1447(c), that Hallal lacked an objectively reasonable basis for removal because he was not a defendant in the underlying state action and a federal counterclaim cannot be the basis for removal. (*Id.* at 3.) On August 11, 2023, Whitson filed a Motion for Attorney's Fees (Doc. 21) and a Separate Statement of Consultation (Doc. 22), confirming that he emailed and mailed Hallal a copy of his Motion. Hallal did not file a response. For the following reasons, the Court will grant Whitson's Motion.

After a court concludes that a party is entitled to an award of attorneys' fees, it must determine whether the fees requested are reasonable by using the lodestar method. *See Staton v. Boeing Co.*, 327 F.3d 938, 965–66 (9th Cir. 2003). This method involves a two-step process. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). First, the court multiplies the reasonable hourly rate by the number of hours reasonably expended. *Id.* A reasonable hourly rate is generally the prevailing market rate in the relevant community. *Id.* The actual rate an attorney charges is itself highly relevant proof of the prevailing community rate. *See Elser v. I.A.M. Nat. Pension Fund*, 579 F. Supp. 1375, 1379 (C.D. Cal. 1984). Second, the court determines whether to raise or lower the lodestar amount based on other factors. *Kelly*, 822 F.3d at 1099.

Whitson's fee request is reasonable. Whitson's counsel charged him $400 per hour and expended only fourteen hours in response to Hallal's removal. The actual rate Whitson's counsel charged is a good indicator of a reasonable market rate. *See Elser*, 579 F. Supp. at 1379. The hours expended were also reasonable, especially in light of Hallal's 162-page Notice of Removal, (Doc. 1), and the seven motions Hallal filed subsequently, (*see* Docs. 2, 3, 4, 9, 12, 13, 19). Further, the Court identifies no basis to raise or lower the presumptively reasonable lodestar amount. *See Kelly*, 822 F.3d at 1099.

Accordingly,

**IT IS HEREBY ORDERED** that Whitson's Motion for Attorney's Fees (Doc. 21) is **granted.** Thomas Whitson is awarded attorneys' fees in the amount of **$5,600.00**. The Clerk of Court shall enter judgment for Thomas Whitson against Karim Hallal accordingly. This case shall remain closed.

Dated this 4th day of October, 2023.

Jennifer G. Zipps
United States District Judge